IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
HEARD AT COOKEVILLE[1]
June 2, 2004 Session


## CINDY R. LOURCEY, ET AL. v. ESTATE OF CHARLES SCARLETT, Deceased


**Appeal by Permission from the Court of Appeals**
**Circuit Court for Wilson County**
**No. 12043     Clara Byrd, Judge**

————————

**No. M2002-00995-SC-R11-CV - Filed September 8, 2004**

————————


JANICE M. HOLDER, J., concurring.


I agree with the majority that the complaint alleges sufficient facts to withstand a motion to dismiss. I write separately, however, because I believe the majority's analysis unnecessarily creates confusion by using foreseeability in analyzing both duty and proximate causation.

In Camper v. Minor, 915 S.W.2d 437 (Tenn. 1996), this Court adopted a general negligence approach to analyze whether a plaintiff may recover for emotional injuries. The Court explained that the "zone of danger" approach can be integrated into the general negligence framework. Id. at 446 n.2.

In Ramsey v. Beavers, 931 S.W.2d 527 (Tenn. 1996), this Court outlined how that integration occurs.

> [T]o recover for emotional injuries sustained as a result of death or injury of a third person, plaintiff must establish that defendant's negligence was the cause in fact of the third person's death or injury as well as plaintiff's emotional injury. Secondly, plaintiff must establish that the third person's death or injury and plaintiff's

[1]Oral argument was heard in this case on June 2, 2004, in Cookeville, Putnam County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

emotional injury were proximate and foreseeable results of
defendant's negligence.

Id. at 531. I agree with the foregoing statement. However, the Court in Ramsey further states,
"Establishing foreseeability, *and therefore a duty of care to plaintiff*, requires consideration of a
number of factors." Id. (emphasis added). It is at this point that the Court, in my view, mixes apples
and oranges. The foreseeability described in the first quotation from Ramsey is the foreseeability
that is part and parcel of proximate causation and is determined by a jury. The second type of
foreseeability described is that of the duty analysis used by a majority of this Court and is a question
for the trial court.

Ramsey goes on to describe other factors that must be considered: the degree of injury to the
third person, the plaintiff's relationship to the injured third party, and proof that the plaintiff suffered
serious or severe emotional injuries. Id. at 531-32. All of these factors are to be determined by a
jury in reaching its conclusion concerning proximate or legal causation. Thus, the focus of both
Ramsey and Camper was proximate causation, not duty.

Proximate cause is the real issue in this case as well. Despite the lack of a relationship
between the parties, Charles Scarlett had a duty to use reasonable care not to cause harm to Cindy
Lourcey. Once a duty of care has been established, a jury should consider the remaining elements
of negligence (breach of duty, injury or loss, causation, and proximate causation). See Camper, 915
S.W.2d at 446. The majority's analysis of duty, however, requires the trial court to weigh "the
foreseeability and gravity of the potential harm to Cindy Lourcey" against "the burden on Charles
Scarlett to prevent the harm from occurring." Indeed, the majority lists factors in support of its duty
analysis which will be considered by a jury in determining breach of duty, proximate causation and
damages--that Scarlett had spoken to Cindy Lourcey and implicitly requested help, that Scarlett knew
that Lourcey was in close physical proximity, that Lourcey saw Scarlett shoot his wife, and that
Scarlett turned to face Lourcey and shot himself in the head. In my view, the majority's balancing
test is improper because it "encourages the trial court to usurp the role of the jury in weighing the
reasonableness of the defendant's conduct." Burroughs v. Magee, 118 S.W.3d 323, 339 (Tenn.
2003) (Holder, J., concurring and dissenting).


_____
JANICE M. HOLDER, JUSTICE